# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

**SEALED**

| United States of America | ) |
| v. | ) |
| | ) Case No. |
| | ) 1:21-mj-00133 |
| | ) |
| STEVEN BROWN | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  9/17/2020-2/9/2021  in the county of  Marion  in the
Southern District of  Indiana , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841 (a)(1),(b)(1)(B) | Distribution of Methamphetamine |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

s/Scott W. Childers
*Complainant's signature*

Scott W. Childers DEA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by
 telephonic  *(reliable electronic means)*

Date: February 11, 2021

City and state:  Indianapolis, IN

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, DEA Task Force Officer Scott William Childers, being duly sworn under oath, state as follows:

### Affiant Background and Purpose of Affidavit

1. I am a Task Force Officer with the Drug Enforcement Administration (DEA), United States Department of Justice. I am an investigative or law enforcement officer within the meaning of Section 2501(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2. I have been employed as a Task Force Officer with the DEA since November 2019, and I have been a police officer with the Indianapolis Metropolitan Police Department (IMPD) since March 6, 2000. During my employment as a law enforcement officer, I have participated in investigations involving the manufacturing, trafficking, and distribution of controlled substances, including methamphetamine and cocaine. I have used, and am therefore familiar with, the following investigative techniques: consensual and court-ordered electronic surveillance; physical surveillance; pole or other camera surveillance; trash covers; the development and operation of informants and cooperating defendants; the execution of search warrants; consent searches; undercover agent operations; Global Positioning Systems; parcel package drug interdiction; motel drug interdiction; highway drug interdictions; and the debriefing of defendants, witnesses, informants, and others who have knowledge of drug trafficking and of the laundering and concealing of proceeds from drug trafficking. I have attended specialized training in the handling of informants. I have attended and been an instructor at the IPD/IMPD narcotics school.

3. In connection with my official DEA duties, I investigate criminal violations of state

and federal controlled substances laws, including, but not limited to, Title 21, United States Code, Sections 841, 843, 846 and 848, as well as Sections 952, 960 and 963.  I have received special training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code.  I have received training in investigations involving the interception of wire and electronic communications, and I have participated in federal electronic wiretap investigations involving individuals involved in the trafficking and distribution of controlled substances.  I am familiar with the ways in which drug traffickers conduct their business, including, but not limited to, their methods of importing and distributing controlled substances and their use of telephones and code language to conduct their transactions.

4. This affidavit is submitted in support of a criminal complaint charging Steven BROWN with possession with the intent to distribute and/or distribution of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1),(b)(1)(B).

5. The statements contained in this Affidavit are based in part on my direct involvement in this investigation; on my experience and background as a Task Force Officer of the DEA; on information provided by and conversations held with other law enforcement officers, including Special Agents/Task Force Officers of the DEA, officers of the Indianapolis Metropolitan Police Department and others described below; and on a review of reports and database records.  I have not included each and every fact that has been revealed through the course of this investigation.  I have set forth only the facts that sufficient to establish probable cause for the issuance of the Complaint.

**Facts and Circumstances**

6. Steven BROWN is a black male born on XX-XX-1981 who resides at 3214 North Bolton Avenue, Indianapolis, Indiana.

7. The statements made in this Affidavit are based in part on: (a) my personal participation in this investigation into the target; (b) information provided to me by other law enforcement officers; (c) review of consensually monitored and/or recorded conversations; (d) my own experience and training, as well as the experience and training of other law enforcement officers; (e) laboratory analysis reports; and, (f) criminal history records maintained by the Indianapolis Metropolitan Police Department (IMPD), Indiana State Police (ISP), and the National Criminal Information Center (NCIC).

8. As described below, this investigation has shown Steven BROWN to be a Methamphetamine trafficker in the Indianapolis, Indiana, area. In September, 2020, investigators learned from a documented IMPD and DEA Cooperating Source (hereinafter, CS) that he/she could purchase methamphetamine from a black male that the CS knew to be Steven BROWN. Law enforcement subsequently learned that Steven BROWN's residence was located at 3214 North Bolton Avenue, Indianapolis, IN.

9. Between or about September 17, 2020 and on or about February 9, 2021, Law Enforcement Officers conducted four (4) controlled purchases of methamphetamine, each more than fifty grams (totaling approximately 292 grams) from Steven BROWN, utilizing the CS.

   a. During each of these controlled purchases, control measures were used, including the following procedures. Prior to and after each controlled purchase, the CS vehicle and CS were searched to assure that the CS possessed neither contraband other than that provided by Steven BROWN during the controlled purchases nor United States Currency other than that provided by law

enforcement officers as Officially Advanced Funds (OAF). The CS was equipped with audio and video recording equipment prior to each controlled purchase, and that equipment was recovered by law enforcement after the controlled purchases. The CS drove directly to and from the meetings with Steven BROWN to assure that he/she did not meet with other individuals. Immediately following the controlled purchases, the CS surrendered to law enforcement officers, the methamphetamine they obtained from Steven BROWN.

b. Field tests conducted of the substances indicated the presence of methamphetamine a Schedule II, controlled substance. The substance purchased during controlled purchase #1 was transported to the Indianapolis District Office of the DEA for analysis. The results and conclusion showed a positive test for methamphetamine with an approximate weight of 63.9 grams. The substance purchased during controlled purchase #1 was sent to the North Central Laboratory for further analysis and safekeeping.

c. The substance purchased during controlled purchase #2 was transported to the Indianapolis District Office of the DEA for analysis. The results and conclusion showed a positive test for methamphetamine with an approximate weight of 85.00 grams. The substance purchased during controlled purchase #2 was sent to the North Central Laboratory for further analysis and safekeeping.

d. The substance purchased during controlled purchase #3 was transported to the Indianapolis District Office of the DEA for analysis. The results and

    conclusion showed a positive test for methamphetamine with an approximate weight of 57.00 grams. The substance purchased during controlled purchase #3 was sent to the North Central Laboratory for further analysis and safekeeping.

  e. The substance purchased during controlled purchase #4 was transported to the Indianapolis District Office of the DEA for analysis. The results and conclusion showed a positive test for methamphetamine with an approximate weight of 86.1 grams. The substance purchased during controlled purchase #4 was sent to the North Central Laboratory for further analysis and safekeeping.

  10. **Controlled Purchase #1**. The first controlled purchase from Steven BROWN occurred on or about September 17, 2020. On Thursday, September 17, 2020 the CS made a controlled call to Steven BROWN at cellular phone (317) 612-7553. The CS and Steven BROWN agreed to conduct a transaction for (2) ounce of Methamphetamine for $1,600.00, on September 17, 2020. The conversation was recorded by DEA TFO Scott Childers.

  11. Steven BROWN instructed the CS to meet him at a gas station at East 38th Street / North Sherman Drive. Indianapolis, Indiana. DEA TFO Scott Childers provided the CS with $1,600.00 of Official Advanced Funds (OAF's).  The CS drove to 3801 East 38th Street, Indianapolis, Indiana, the BP gas station, and parked adjacent to the fuel pumps.  The CS met with Steven BROWN and was directed to get into Steven BROWN's blue GMC Yukon SUV, bearing Indiana License plate# EQ399, being driven by Steven BROWN. Upon entering Steven BROWN's blue GMC Yukon SUV, the CS observed a black semi-automatic handgun in between the front driver's seat and center console.

12. Steven BROWN and the CS began commuting to the 3600 block of North Station Street, Indianapolis, Indiana. Law enforcement officers maintained mobile surveillance on the blue GMC Yukon SUV during the commute. The blue GMC Yukon SUV arrived in the 3600 block of North Station Street and surveillance units were able to position themselves to maintain a constant visual on the blue GMC Yukon GMC and its occupants. The CS provided Steven BROWN with $1,600.00 of OAF's. Steven BROWN then counted the $1,600.00 of OAF's.

13. Surveillance Units observed Steven BROWN exit the blue GMC Yukon SUV, approach the front door of 3625 North Station Street, and return to the vehicle a short time later. Steven BROWN exited the vehicle a second time and gained entrance into 3625 North Station Street.

14. Steven BROWN was inside 3625 North Station Street, for approximately 21 minutes before surveillance units observed him exit and return to the blue GMC Yukon SUV. Steven BROWN handed the CS (63.9) grams of Methamphetamine. The GMC Yukon SUV, Steven BROWN and the CS left the area of 3600 North Station Street, Indianapolis, Indiana. Law enforcement officers maintained mobile surveillance on the GMC Yukon SUV until it arrived at 3801 East 38th Street, Indianapolis, Indiana. The CS exited the GMC Yukon SUV and returned directly to the CS's vehicle. The CS left and traveled to a predetermined meet location. Once at the predetermined meet location, the CS immediately handed DEA TFO Scott Childers 63.9 grams of Methamphetamine.

15. **Controlled Purchase #2.** The second controlled purchase from Steven BROWN occurred on or about October 6, 2020. Surveillance was initiated by Law Enforcement on 3625 North Station Street, and surrounding neighborhood prior to the CS meeting with Steven BROWN. S/A David Banas and S/A Sean Yauger observed Steven BROWN seated inside the

blue GMC Yukon SUV bearing Indiana license plate #EQ399, with an unknown black female, parked in front of 3625 North Station Street.

16. The CS made a controlled call to Steven BROWN at cellular phone (317) 612-7553. Steven BROWN instructed the CS to meet him at the BP Gas station located 3801 East 38th Street, Indianapolis, Indiana. The CS and Steven BROWN agreed to conduct a transaction for (3) ounces of Methamphetamine for $2,400.00.

17. The CS was provided with $2,400.00 of DEA OAF's to purchase (3) ounces of Methamphetamine from Steven BROWN.

18. Immediately following the cellular phone call between Steven BROWN and the CS, S/A David Banas and S/A Sean Yauger observed Steven BROWN and the blue GMC Yukon SUV leave 3625 North Station Street. Steven BROWN and blue GMC Yukon SUV were observed traveling from 3625 North Station Street to 3801 East 38th Street, the BP gas station.

19. The CS left the predetermined location and commuted to the BP Gas Station. DEA TFO Scott Childers followed the CS during the commute to the gas station. Surveillance had been established at the gas station. Surveillance by S/A Matthew Holbrook observed the blue GMC Yukon SUV, bearing Indiana License plate #EQ399, with Steven BROWN and an unidentified black female front seat passenger arrive at the gas station.

20. Steven BROWN made contact with the CS vehicle and instructed him/her to follow them. Steven BROWN departed the BP gas station and drove to the area of 3600 North Station Street, Indianapolis, Indiana. The CS followed directly behind Steven BROWN's vehicle in the CS's vehicle. Once the blue GMC Yukon SUV became mobile, surveillance continued to follow Steven BROWN and the CS.

21.     Stationary surveillance at 3625 North Station Street, by S/A David Banas and S/A Sean Yauger, observed Steven BROWN and the CS arrive at 3600 North Station Street. Surveillance had been previously established on the 3625 North Station Street. S/A David Banas and S/A Sean Yauger were positioned north and south of the residence. Surveillance was not able to see the rear of 3625 North Station Street, due to no alley. S/A Sean Yauger observed the blue GMC Yukon SUV arrive at 3625 North Station Street and Steven BROWN get out of the vehicle and walk to CS's vehicle. The CS stayed in the CS vehicle while Steven BROWN entered the front passenger's side door.

22.     S/A Yauger observed Steven BROWN interact with the CS in the vehicle. The CS provided Steven BROWN with $2,400.00 of OAF's. Steven BROWN then counted the $2,400.00 of OAF's.

23.     Steven BROWN removed a clear plastic bag from his right front pant pocket and handed the CS 85 grams of Methamphetamine. Steven BROWN then exited the CS vehicle returned to the blue GMC Yukon SUV.

24.     The CS departed 3600 North Station Street and traveled to a predetermined meet location.

25.     DEA TFO Scott Childers and DEA TFO David Salley followed the CS as they left the gas station and commuted to the pre-determined location for a debriefing. DEA TFO Scott Childers was immediately provided 85 grams of Methamphetamine.

26.     **Controlled Purchase #3.** The third controlled purchase from Steven BROWN occurred on or about January 13, 2021. On Wednesday, January 13, 2021 the CS made a controlled call to Steven BROWN at cellular phone (317) 612-7553. The CS and Steven BROWN agreed to conduct a transaction for (2) ounce of Methamphetamine for $1,600.00, on

January 13, 2021 at 3214 North Bolton Avenue, Indianapolis, Indiana. The conversation was recorded by DEA TFO Scott Childers.

27. Surveillance was initiated by Law Enforcement on 3214 North Bolton Avenue and surrounding neighborhood prior to the CS meeting with Steven BROWN. While conducting stationary surveillance at 3214 North Bolton Avenue, TFO Michael Neuner observed Steven BROWN arrive at the address while driving a gray Dodge Ram truck and park in the driveway. Steven BROWN immediately exited the Dodge truck and walked to an area near 3214 North Bolton Avenue's front door.

28. The CS was then provided with $1,600.00 of DEA OAF's to purchase (2) ounces of Methamphetamine from Steven BROWN. The CS left the predetermined location and commuted to 3214 North Bolton Avenue. DEA TFO Scott Childers followed the CS during the commute to 3214 North Bolton Avenue.

29. The CS arrived at 3214 North Bolton Avenue and observed Steven BROWN standing on the front porch. Steven BROWN verbally directed the CS to his/her vehicle and enter t3214 North Bolton Avenue through the front door.

30. The CS entered t and moved to the residence kitchen area. Steven BROWN was seated at kitchen table with a large amount of methamphetamine, heroin, and scales on the table in front of him. A silver/black semi-automatic handgun was observed by the CS on top of the adjacent kitchen counter top.

31. Steven BROWN placed 57 grams of methamphetamine into a clear plastic bag and placed it onto a black digital scale. After weighing the 57 grams of methamphetamine, Steven BROWN handed it to the CS.

32. The CS provided Steven BROWN with $1,600.00 OAF's.

33.     The CS exited, departed in his/her vehicle, and traveled to pre-determined meet location.

34.     DEA TFO Scott Childers and DEA TFO David Salley followed the CS to the pre-determined location for a debriefing. DEA TFO Scott Childers was immediately provided 57 grams of Methamphetamine.

35.     On January 20, 2021 DEA TFO Scott Childers conducted surveillance at 3214 North Bolton Avenue and observed Steven BROWN's blue GMC Yukon SUV, bearing Indiana License plate #EQ399, parked under the car port of the residence.

36.     **Controlled Purchase #4.** The fourth controlled purchase from Steven BROWN occurred on or about February 9, 2021. On Tuesday, February 9, 2021 the CS made an unrecorded call to Steven BROWN at cellular phone (317) 612-7553. The CS and Steven BROWN agreed to conduct a transaction for (3) ounces of Methamphetamine for $2,400.00, on February 9, 2021 at 3214 North Bolton Avenue, Indianapolis, Indiana.

37.     Surveillance was initiated by Law Enforcement on 3214 North Bolton Avenue and surrounding neighborhood prior to the CS meeting with Steven BROWN. While conducting stationary surveillance at 3214 North Bolton Avenue, S/A Sean Yauger observed Steven BROWN's blue GMC Yukon SUV, bearing Indiana License plate# EQ399 parked in the driveway, partially under the detached car port.

38.     The CS was then provided with $2,400.00 of DEA OAF's to purchase (3) ounces of Methamphetamine from Steven BROWN. The CS left the predetermined location and commuted to 3214 North Bolton Avenue.

39.     The CS arrived at 3214 North Bolton Avenue and moved to the front door. The CS knocked on the front door and entered immediately after. The CS entered and followed

Steven BROWN to the Master Bedroom, located in the rear of the residence. The CS provided Steven BROWN with $2,400.00 of OAF's. While counting the $2,400.00 of OAF's, Steven BROWN directed the CS to retrieve a black digital scale from the kitchen.

40. The CS immediately returned with the black digital scale and Steven BROWN places 86.1 grams of methamphetamine into a clear plastic bag and onto the black digital scale. After weighing the 86.1 grams of methamphetamine, Steven BROWN hands it to the CS.

41. The CS exited, departed in his/her vehicle, and traveled to pre-determined meet location.

42. DEA TFO Scott Childers and DEA TFO David Salley followed the CS to the pre-determined location for a debriefing. DEA TFO Scott Childers was immediately provided 86.1 grams of Methamphetamine.

43. All of the above-described controlled purchases took place within the Southern District of Indiana, Indianapolis Division.

44. Based on my training and experience, I know individuals who possess illegal narcotics with the intent to distribute maintain digital scales on hand to facilitate the packaging and distribution of illegal narcotics.

45. A preliminary check of Steven BROWN's criminal record by law enforcement showed convictions for, but not limited to: Two (2) Possession of Cocaine as Level 6 Felony; Carrying a Handgun without a License as a Level 6 Felony, Resisting Law Enforcement as Level 6 Felony, and Armed Robbery as a Level 2 Felony.

**Conclusion and Request**

46. Based upon my training and experience and the facts set forth herein, I respectfully submit that there is probable cause to believe that, between September 17, 2020 and on or about February 9, 2021, in Indianapolis, Indiana, Steven BROWN possessed with the intent to distribute and/or distributed of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1),(b)(1)(B). Accordingly, I request the Court issue a criminal complaint charging Steven BROWN with these offenses and issue a warrant for his arrest.

> s/Scott W. Childers
> Scott W. Childers, Task Force Officer
> Drug Enforcement Administration

Subscribed and sworn to me, pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), by reliable electronic means.

DATE: February 11, 2021

*[Seal: United States District Court, Southern District of Indiana — Doris L. Pryor, United States Magistrate Judge, Southern District of Indiana]*